STATE *v*. EDWARD LARIMORE, JR.

(*January,* 1929.)

RODNEY, J., sitting.

*David J. Reinhardt, Jr.*, Deputy Attorney-General, for the State.
*P. Warren Green* for defendant.

Court of General Sessions for New Castle County, No. 77, January Term, 1929.

RODNEY, J.: ■ It is a fundamental rule of statutory construction of almost universal acceptation that statutes concerning the same subject-matter will be considered together even though the

several statutes received legislative sanction at different times. One reason for the rule is that all general laws upon the same subject will be construed with reference to the whole system of which each act forms a part. Penal statutes are within the operation of the general rule. 25 *R. C. L.* 1066.

The Act of March 28, 1921 (*chapter* 193, *vol.* 32, *Laws of Delaware*), provides for revocation of licenses to operate automobiles. Section 6 is a general law providing the punishment for "the operation of any motor vehicle by a person whose operating license is revoked or suspended, or who is not entitled to operate the same under other provisions of the law."

The Act of 1923 (under which this license is revoked) makes it mandatory upon a conviction for driving while intoxicated for the trial justice to certify the facts and record to the Secretary of State who "shall forthwith revoke the license of the party so convicted." Both acts concern the forfeiture of operators' licenses for automobiles and to that extent are in *pari materia*. In one act provision is made for hearings upon proceedings to revoke a license, while in the other the certification of a conviction for driving while intoxicated makes it mandatory upon the Secretary of State to "forthwith" revoke the license of the person so convicted. The penalty for driving an automobile after the revocation of the license as provided by section 6 is applicable to a violation of either act.

Chancellor Kent, in *Rogers v. Bradshaw,* 20 *Johns.* (*N. Y.*) 735, 744, says:

"All statutes, said Lord Mansfield (*Doug.* 30), which are in *Pari Materia,* are to be taken together, as if they were one law; and, in many instances, a remedy provided by one statute, will be extended to cases arising on the same subject-matter under a subsequent statute."

The case of *Keller v. State,* 11 *Md.* 525, 69 *Am. Dec.* 226, is analogous to the present one. In that case prosecutions were had under a statute of 1856. There was no provision in that act imposing a penalty for a violation of its terms. The Act of 1856 was held in *pari materia* with an Act of 1827 and the violators of the Act of 1856 were held amenable to the penalties provided by the Act of 1827.